UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cv-81491

AUGUST IMAGE, LLC,

        Plaintiff,

v.

BR SPA INC d/b/a BEAUTY AMBASSADE,

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, Br Spa Inc d/b/a Beauty Ambassade, respectfully moves this Court, pursuant to Fed. R. of Civ. P. 12(b)(1), to Dismiss Plaintiff August Image's Complaint [D.E.1], on the grounds that Plaintiff lacks standing to bring a claim for copyright infringement, and as ground therefore states:

**Plaintiff Cannot Sustain Its Copyright Claims Against Beauty Ambassade**

Plaintiff has asserted in its Complaint that it represents photographer Matthew Sprout ("Sprout"), ¶ 9. Sprout took a professional photograph of a model applying face lotion (the "Work"). Sprout is not a party to this case. Beauty Ambassade, a small day spa, is the entity against whom Plaintiff alleges a copyright claim for infringement of the Work. The Complaint, however, is entirely devoid of allegations indicating Plaintiff has any legal or beneficial ownership in the copyright at issue to confer standing. At most, in asserting Plaintiff has standing to bring this lawsuit, Plaintiff alleges it is the "exclusive licensing agent" with respect to the Work (¶ 28). In fact, the Complaint alleges the copyright at issue is owned by nonparty Sprout who has "remained

1

the owner at all times material hereto" (¶14). The Complaint thus reveals that Plaintiff lacks standing to sue for copyright infringement.

## Standard of Review

Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that determines the power of the court to entertain the suit. *See Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020). If a party to a lawsuit does not have standing to bring claims, the Court lacks subject matter jurisdiction over the claims. *See Nat'l Ass'n of State Utility Consumer Advoc. v. F.C.C.*, 457 F.3d 1238, 1250 (11th Cir. 2006).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure can be asserted on facial or factual grounds. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Among the jurisdictional issues subject to a Rule 12(b)(1) motion to dismiss is standing. *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1231 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)").

Standing can be raised by either party, or "by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U. S. 500, 506 (2006); *see also Gardner*, 962 F.3d at 1337. The Court is also required to satisfy itself of a party's standing before proceeding to consider

the merits of the claims. *Gardner*, 962 F.3d at 1336. Here, Plaintiff has the burden to establish standing in this copyright case by "clearly and specifically set[ting] forth facts sufficient to satisfy Article III standing requirements." *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1362 (S.D. Fla. 2016). If Plaintiff is unable to meet its burden of establishing that it is the legal or beneficial owner of a copyright sufficient to plausibly allege standing, the Court must dismiss the action. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1297 (11th Cir. 2011).

### **Plaintiff lacks Article III Standing to pursue its Copyright Infringement claim against Beauty Ambassade**

As a threshold matter, the Complaint should be dismissed under Rule 12(b)(1) because Plaintiff does not satisfy any of the requisite elements for Article III standing. Under the Copyright Act, "only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action." *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1369 (S.D. Fla. 2015) (dismissing with prejudice for lack of standing and stating "the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf"); *Saregama*, 635 F.3d at 1290–91 (non-exclusive copyright holder may not sue others for infringement). Assignment of an exclusive right is effective where "language used included that [the] copyright owner 'sells, transfers, and assigns' all rights to the work," and ineffective if it does not "contain an actual assignment provision." *Pro. LED*, 88 F. Supp. 3d at 1370.

To establish Article III standing to sue for copyright infringement and avoid dismissal on this basis, Plaintiff must plausibly allege that: (1) it is the owner of the copyright at issue or (2) it has been granted exclusive licenses by owners of copyrights. *Pro. LED*, 88 F. Supp. 3d at 1369. As the party invoking federal jurisdiction here, Plaintiff bears the burden of establishing all of these elements. *Id.*

1. **Plaintiff has not plausibly pleaded ownership or transfer of ownership of the Work to create a basis for standing.**

Copyright ownership originally vests in the author of the work – here, the photographer, Sprout. 17 U.S.C. § 201(a) (copyright "vests initially in the author or authors of the work").

Copyright ownership may be transferred as long as "an instrument of conveyance, or a note . . . is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a); *Pro. LED*, 88 F. Supp. 3d at 1369. The Eleventh Circuit has interpreted this to mean that "the Copyright Act requires a writing for all exclusive transfers of copyright." *See Patrick v. Poree, 2023 WL 8643538* (11th Cir. 2023) citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir. 2010). The copyright owner or exclusive licensee must have such status at the time of the alleged infringement. *See Pro. LED*, 88 F. Supp. 3d at 1369– 70 ("A *nunc pro tunc* assignment executed after litigation is commenced 'cannot retroactively solve the standing problem that existed at the time the action was filed.'"); *World Thrust Films Inc. v. Int'l Family Entm't Inc.*, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996).

While a legal or beneficial owner of a copyright may transfer ownership or issue an exclusive license, a copyright holder cannot execute an "assignment of a right to sue." *Pro. LED*, 88 F. Supp. 3d at 1369; *Righthaven LLC v. Democratic Underground*, LLC, 791 F. Supp. 2d 968, 976 (D. Nev. 2011). "Section 501(b) of the Copyright Act does not permit the copyright owner to retain the copyright but convey the mere right to sue." *Pro. LED*, 88 F. Supp. 3d at 1369 ("Put another way, a mere right to sue is not an exclusive right under a copyright, and is insufficient to bring an infringement action."). Assignment of an exclusive right is effective where "language used included that [the] copyright owner 'sells, transfers, and assigns' all rights to the work," and ineffective if it does not "contain an actual assignment provision." *Id.* at 1370; *see also Infodek, Inc. v. Meredith–Webb Printing Co.*, 830 F. Supp. 614, 620 (N.D. Ga. 1993).

4

Plaintiff has not pleaded that it is a coauthor of the Work. Plaintiff also has not pleaded the existence of a written assignment of ownership in the Work from Sprout to Plaintiff. The Complaint actually specifically alleges the opposite: that Sprout is the owner of the Work, has remained the owner throughout the relevant period, and Plaintiff serves as the "exclusive licensing agent" with respect to the Work. Compl. ¶¶ 14, 28. Thus, Plaintiff has not plausibly pleaded ownership or transfer of ownership of the Work to create a basis for standing.

> 2. **Plaintiff's allegations that it is the exclusive licensing agent is insufficient to confer Article III standing to sue for copyright infringement.**

In *Original Appalachian Artworks, Inc., v. Schlaifer Nance & Co.*, 679 F. Supp. 1564 (N.D. Ga. 1987) the court specifically rejected the claim that an *exclusive licensing agent* possesses standing to sue under the Copyright Act. *Id*. at 1572. More specifically, the Court held that a grant of the right to act as an "exclusive agent" for a copyright owner in authorizing others to use a copyrighted work is a mere *contractual* right, not a *copyright* enforceable under the Copyright Act. *Id.* The Court explained that Plaintiff's mere allegation that it served as the exclusive licensing agent, without more, is simply not a transfer of ownership-based exclusive rights in the Work that are protected under Section 106 of the Copyright Act*. Id.* Thus, the Court held, Plaintiff "is not a copyright owner and, consequently, lacks standing" to bring a copyright infringement action. *Id.*

More recently, in *Creative Photographers, Inc. v. Julie Torres Art, LLC*, 2023 U.S. Dist. LEXIS 41343, *12 (N.D. Ga. Mar 13, 2023) the Court was presented with the same issue:

> Legal authority on this question—does an agreement appointing an entity as a copyright owner's exclusive agent provide statutory standing to sue for infringement?—is few and far between. The leading case in the Eleventh Circuit appears to be *Original Appalachian Artworks, Inc., v. Schlaifer Nance & Co*., 679 F. Supp. 1564 (N.D. Ga. 1987). In *Original Appalachian*, a court in this district held that **an *exclusive licensing agent* lacked standing to sue for copyright infringement** because its asserted right—the exclusive right to authorize others to use the copyright at issue—was not a § 106 right and was instead derived solely from the licensing contract. *Id.* at 1572. 56t87

5

> …
> Plaintiff, on the other hand, asserts that *Original Appalachian* is "radically different" because the plaintiff in that case "did not have an agreement that explicitly and conclusively conveyed rights under [§ ] 106 of the Copyright Act." …. It is true that in *Original Appalachian*, SN & C did not tie their standing argument to a specific § 106 right; instead, SN & C contended that "the expansive language describing the [§ ] 106 rights" was broad enough to encompass SN & C's "exclusive right to authorize others to use OAA's copyright." *Original Appalachian*, 679 F. Supp. at 1572. By contrast, Plaintiff in this case claims that the Agreement is "a clear, explicit and exclusive grant of [§ ] 106 rights" in the Afanador Work, "including an exclusive license" to distribute, license, market and syndicate the photograph….However, the Court disagrees with the threshold premise that the plain language of the Agreement "explicitly and conclusively" conveys to Plaintiff any § 106 rights. ***The Agreement "explicitly and conclusively" makes Plaintiff Afanador's agent but its terms do not otherwise expressly convey to Plaintiff an exclusive license to any of the § 106 rights. Other than reciting the text of the Agreement and asserting that the language confers § 106 rights, Plaintiff simply has not provided this Court with legal authority or other argument to interpret this language in any other manner.***
> …
> Here, Plaintiff merely holds a role as Afanador's exclusive agent, pursuant to which Plaintiff may distribute Afanador's works. ***Plaintiff has not persuaded this Court that Original Appalachian's rationale should not apply to this case. In other words, Plaintiff has not explained why the Agreement renders Plaintiff an exclusive licensee, when, on its face, it appears to do no more than render Plaintiff an exclusive agent.*** The Court is inclined to find that Plaintiff's claims, if any, arise under the Agreement rather than under the Copyright Act.

*Id.* at *10 (emphasis provided).

Courts outside this circuit have agreed with the holding of *Original Appalachian* that an agency agreement confers rights that sound in contract rather than copyright. *See Creative Photographers, Inc.* at *14. For example, in *Plunket v. Doyle*, the plaintiff claimed to be the exclusive manager and licensor of the literary rights to the works of Sir Arthur Conan Doyle. Case No. 99 CIV 11006, 2001 U.S. Dist. LEXIS 2001 at *1 (S.D.N.Y. Feb. 22, 2001). The plaintiff alleged that she held the "exclusive worldwide rights to manage" and to "negotiate, license, and otherwise cause and permit the exploitation of" all rights associated with these works of literature. *Id.* The plaintiff sued the estate of Sir Arthur Conan Doyle for copyright infringement. *Id.* The

court held that the plaintiff's "exclusive management rights . . . do not give her standing to sue for copyright infringement under the Copyright Act." 2001 U.S. Dist. LEXIS 2001 at *5.

In *Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings*, LLC, Case No. 12-cv-00668, 2015 U.S. Dist. LEXIS 16601 (D. Colo. Feb. 11, 2015), a stock photography agency, Viesti, sued an educational publisher, McGraw-Hill, for copyright infringement, alleging that McGraw-Hill exceeded the scope of a licensing agreement by publishing certain stock photographs. *Id.* at *1. The court agreed with McGraw-Hill, determining that the agency agreements "did not transfer to Viesti legal or beneficial ownership of an exclusive right." *Id.* at *6. The court also concluded that while the agreements merely appointed Viesti "an exclusive agent" and representative, they failed to transfer any exclusive licenses. *Id.* at *18.

In *Parrott v. Porter*, Case No. CV- 16-04287 SJO (GJSx), 2016 U.S. Dist. LEXIS 199552 (C.D. Cal. Nov. 16, 2016), the Court held that the allegations in the complaint revealed that Plaintiff lacked standing to sue for copyright infringement:

> The FAC is entirely devoid of allegations indicating [Plaintiff] Tucker has any legal or beneficial ownership in the copyrights at issue. At most, the FAC alleges Tucker is "a business manager and music ***publishing administrator***" and is "the ***exclusive administrator*** of the original compositions and sound recordings." (FAC ¶¶ 6, 8-9.) In fact, the FAC alleges the copyrights at issue are "Brandon Parrott's registered copyrights" and that the copyright interest at issue is "Brandon Parrott's exclusive interest." (FAC ¶¶ 2, 4.) The FAC thus reveals that Tucker lacks standing to sue for copyright infringement.

*Id.* *14.

In their opposition, the plaintiff submitted that pursuant to an agreement with the copyright owner, the plaintiff shared in the exclusive rights of ownerships which as prescribed in 17 USC 201(d)(2). *Id.* at *13. The Court rejected plaintiff's arguments and held that the plaintiff lacked standing to sue for copyright infringement on the grounds that "the statements made in briefs are not evidence of the facts asserted" and "the Court cannot consider the purported existence of an

agreement in ruling on the defendants' motion, and. *Id.* at \*13; *see also Huls v. Llabona,* 437 F. App'x 830, 832 n. 5 (11th Cir. 2011) (affirming dismissal of complaint filed by *pro se* plaintiff, holding that Court would not consider argument raised for the first time in response to a motion to dismiss).

Here, just as in *Original Appalachian*, *Creative Photographers, Inc.* and *Viesti,* Plaintiff points to evidence that conclusively establishes it was at most a mere agent by contract, not an owner of any legal or beneficial rights in the Work necessary to create standing. Stated differently, by its own admissions, Plaintiff specifically seeks to create standing to bring its lawsuit on the grounds that Plaintiff serves as the *exclusive licensing agent* with respect to the Work. Compl. ¶ 28, a position that has been rejected by the courts in *Original Appalachian, Creative Photographers* and *Viesti* as insufficient to confer standing. Consequently, the Complaint should be dismissed.

Three further points are worth noting. First, to the extent that Plaintiff, in opposition, points to allegations that it has been "appointed" as the exclusive "administrator and publisher" of all copyright rights in and to the Work, Compl. ¶ 15, this is also insufficient to confer standing. *See Parrott, supra.* These allegations are just another way of Plaintiff attempting to remain inappropriately vague and non-committal on the nature of its own rights in the Work, when in fact, nonparty Sprout is the owner of the Work and "has remained the owner at all times material hereto". *Id.* ¶ 14.

Second, Plaintiff has not attached an agreement with the copyright owner and has not alleged the existence of a written agreement with the copyright owner indicating Plaintiff has any legal or beneficial ownership in the copyright at issue to confer standing. Therefore, this Court

8

should reject any attempts to amend Plaintiff's allegations in the complaint through arguments presented in opposition to the motion to dismiss. *See Parrott, Huls, supra.*

Third, even assuming arguendo (and in contradiction to the Complaint) that Plaintiff is an exclusive licensee, the Complaint still fails to plausibly allege even superficial facts to support Plaintiff's standing. If asserting standing through an exclusive license, Plaintiff must further set out that the license conveying rights to bring infringement claims in Sprout's stead existed at the time of the alleged copyright infringement. *Pro. LED*, 88 F. Supp. 3d at 1369–70 ("A *nunc pro tunc* assignment executed after litigation is commenced 'cannot retroactively solve the standing problem that existed at the time the action was filed.'"); *World Thrust Films Inc. v. Int'l Family Entm't Inc.*, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996). The Complaint provides no allegation that Plaintiff entered into a statutorily required written transfer of copyright ownership. The Plaintiff further fails to allege the date for any alleged license relative to the copyright infringement, fails to allege that the license conveyed rights to Plaintiff prior to the infringement, and fails to allege the license conveyed rights to sue for infringements predating the license. *See Pro. LED, Patrick, Latimer, World Thrust Films Inc. supra.*

Plaintiff's contradictions about its legal claim to the Work show it has not proffered, and/or is not in possession of, facts to plausibly support ownership and standing. The case should be dismissed as a result.

3. **The copyright registration confirms that Plaintiff lacks the necessary rights to support standing.**

While "August" is listed under the "Rights and Permissions" section of the Work's copyright registration certificate, attached as Exhibit "A" of the Complaint, the "Rights and Permissions" section of a copyright registration is not an award of rights in the copyright registration, and therefore does not support standing. First, the "Rights and Permissions" section

9

of a copyright registration is not an award of rights in the copyright registration. *See Patrick v. Poree*, 2023 U.S. App. LEXIS 33078 * (11 Cir. Dec. 14, 2023) ("listing [the plaintiff] under "Rights and Permissions" on the registration did not provide her with the rights of copyright ownership. Rather, listing [the plaintiff] there made her the person to contact for permission to use "I Do What I Want]. The "Rights and Permissions" section is an optional field filled out by the applicant at their discretion to provide contact information for any person or organization they would like to be contacted if someone is seeking permission to use the work. *See* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices (3d ed. 2021) ("Compendium") § 622.1. "The 'rights and permission' designation does not confer standing to sue for copyright infringement." *Micro Focus (U.S.), Inc. v. Express Scripts, Inc.*, Case No. PX-16-0971, 2019 U.S. Dist. LEXIS 22345, at *21 (D. Md. Feb. 12, 2019); *Patel v. Hughes*, Case No. 3:13-0701, 2014 U.S. Dist. LEXIS 129474, at *10 (M.D. Tenn. Sept. 16, 2014) ("although Plaintiffs have the burden to establish standing, they wholly fail to explain how being named as contacts for rights and permissions amounts to an ownership of a copyright.").

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

WHEREFORE, Defendant, Br Spa Inc d/b/a Beauty Ambassade, respectfully request that the Court dismiss the Complaint under Rule 12(b)(1), and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

By: */s/ Euyelit Adriana Kostencki*
Euyelit Adriana Kostencki
Florida Bar No. 84507
akostencki@exorolaw.com

EXORO LAW PLLC
101 Northeast Third Ave., Suite 1500
Fort Lauderdale, FL  33301
Telephone: (954) 947-0050

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below Service List.

*/s/ Euyelit Adriana Kostencki*
Euyelit Adriana Kostencki

## SERVICE LIST

Daniel DeSouza, Esq.
Florida Bar No.: 19291
Christine Zaffarano, Esq.
Florida Bar No.: 1035228
COPYCAT LEGAL PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
christine@copycatlegal.com

*Attorneys for Plaintiff*